UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WAYNE ROSE,

                        Plaintiff,

-against-

CITY OF NEW YORK and DEPARTMENT OF
HUMAN RESOURCE ADMINISTRATION,
HASA DEPARTMENT,

                        Defendants.

**MEMORANDUM & ORDER**

**13-CV-1220 (NGG) (LB)**

------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Wayne Rose[1] brings this action under the federal Freedom of Information Act, 5 U.S.C. § 552, et seq. ("FOIA"), seeking injunctive relief, $10 million in damages, and $5,000 in legal fees against Defendants City of New York (the "City") and the Department of Human Resource Administration, HIV/AIDS Services Administration Department ("DHRA"). (See Compl. (Dkt. 1).) Plaintiff also moves to proceed in forma pauperis under 28 U.S.C. § 1915. (Pl. Mot. (Dkt. 2).) Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons discussed below, his claims against the City and DHRA are DISMISSED.

---

[1] The court notes that Plaintiff has a robust history of litigation in this court and elsewhere. See, e.g., Rose v. Lebowitz, No. 13-CV-2650 (NGG), 2013 WL 2255532 (May 22, 2013, E.D.N.Y.) (dismissing complaint against Justice Jeffrey Lebowitz of the Queens County Supreme Court); Rose v. New York City Dep't of Human Res., No. 12-CV-1764 (GBD) 2013 WL 323995 (Jan. 24, 2013, S.D.N.Y.) (dismissing claim that Plaintiff was denied certain benefits because he is Caucasion); Rose v. Goldman, No. 02-CV-5370 (NGG), 2011 WL 1130214 (Mar. 24, 2011, E.D.N.Y) (finding against Plaintiff on summary judgment in favor of numerous defendants and explaining: "Plaintiff's suit has now spanned two states, three judicial districts, and almost nine years of litigation. Today, it finally comes to an end.").

1

## I. BACKGROUND

Plaintiff brings this action under FOIA, alleging that he has fruitlessly demanded copies of all documents relating to him that are maintained by Defendants City and DHRA. (Compl. ¶ 9.) He further alleges that Defendants have "placed an inconvenience upon [him] to obtain the records . . . to ensure that the plaintiff cannot have access to the documents sought." (Id. ¶ 13.) Plaintiff states that Defendants have refused his requests "in retaliation against [him] for the filing of complaints or otherwise demanding his rights as he is entitled and in the reporting of misconduct of caseworkers." (Id. ¶ 21.) Plaintiff seeks injunctive relief, $10 million in damages, and $5,000 for legal fees.

## II. STANDARD OF REVIEW

Pro se filings are construed liberally and are interpreted to raise the strongest arguments they suggest. See Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). This is especially true when such pleadings allege civil rights violations. Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). At the pleadings stage, a court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in a complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A pro se complaint should not be dismissed without granting leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (quotation marks and citation omitted).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an action filed by a plaintiff proceeding in forma pauperis where it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Although courts must read pro se complaints with "special

2

solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006), a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

## III. DISCUSSION

Plaintiff purports to bring this action pursuant to FOIA. However, his attempt to use FOIA to obtain records from the City and DHRA—and to seek relief for their alleged failures to appropriately respond to his requests—is unavailing. "[I]t is beyond question that FOIA applies only to federal . . . agencies." Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999) (collecting cases). Section 551(1) of the Administrative Procedure Act ("APA"), of which FOIA is a subsection, defines "agency" as "each authority of the Government of the United States," subject to limited exceptions not relevant here, and § 552(f) of FOIA incorporates by reference the definition of "agency" contained in section 551(1) of the APA. See 5 U.S.C. § 552(f). Indeed, numerous courts in this circuit explicitly have found that FOIA does not apply to municipal agencies. See Esseily v. Giuliani, No. 00-CV-5271 (BSG), 2000 WL 1154313, at *1 (Aug. 14, 2000, S.D.N.Y.) (collecting cases). Accordingly, the court may not compel the City, or any of its agencies or departments, to comply with Plaintiff's FOIA request.

3

Nor could the court possibly grant relief to Plaintiff pursuant to any claimed failure of the City and DHRA to comply with a statute that does not apply to them. Even creatively construing Plaintiff's Complaint at the outer bounds of the court's imagination to allege civil rights violations under 42 U.S.C. § 1983, no such claim can here survive. In order to maintain a claim under §1983, Plaintiff must allege that: (1) "the conduct complained of [was] committed by a person acting under color of state law," and (2) "the conduct complained of . . . deprived [Plaintiff] of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

DHRA is not a proper party to a § 1983 action. Courts consistently have held that agencies of the City of New York cannot be sued independently under § 1983. See, e.g., Bailey v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996); Signorile v. City of New York, 887 F. Supp. 403, 421-22 (E.D.N.Y. 1995) ("As an agency of the City, the NYPD can sue and be sued only in the name of the City."); see also Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000). Accordingly, Plaintiff's claim against DHRA, even generously construed as a claim under § 1983 rather than pursuant to FOIA as Plaintiff asserts, is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A.

Plaintiff also names the City of New York as a defendant. In order to sustain a § 1983 claim against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978)). Even proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the

incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Here, Plaintiff fails to even allege—and nothing in his Complaint suggests—that any of the allegedly wrongful acts were attributable to a municipal policy or custom. Accordingly, there does not appear to be any basis whatsoever in Plaintiff's allegations for suing the City of New York—and even if any such basis existed, Plaintiff fails to plead it. Plaintiff's claim against the City of New York as construed pursuant to § 1983 therefore is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A.

## IV. CONCLUSION

Plaintiff's Complaint is DISMISSED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 29, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge